UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANNIE WARD, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV1814 JCH |
| ) | |
| SAILORMEN, INC., d/b/a POPEYE'S, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court, filed February 15, 2007. (Doc. No. 9) The matter is fully briefed and ready for disposition.

## BACKGROUND

On December 5, 2006, Plaintiff Jannie Ward ("Ward") filed her Petition against Defendant Sailormen, Inc. ("Popeye's") in the Circuit Court of St. Louis City, Missouri, seeking damages for her fall on Popeye's property. (Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In her Complaint, Ward alleges that Popeye's negligence caused her to slip, fall, and sustain serious and permanent injuries to her head, neck, back, arms, legs, and buttocks. (Compl., ¶¶ 5-10). In her prayer for relief, Ward requests damages, "in a reasonable and fair amount, so as to compensate plaintiff for her injuries, losses and suffering, in excess of $25,000.00, **but less than $75,000.00**, and for her costs herein expended, and for such other relief as the court may deem just and proper." (Compl., P. 3 (emphasis in original)).

On December 22, 2006, Popeye's removed this action to the United States District Court for the Eastern District of Missouri, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Defendant's Notice of Removal, Doc. No. 1). Popeye's argues that, notwithstanding Ward's

contention she seeks damages of less than $75,000.00, the amount in controversy actually exceeds $75,000.00. Popeye's maintains Ward's claims of serious and permanent injuries and necessary medical care, together with her earlier settlement demand seeking $100,000.00, establish the requisite federal amount in controversy. (Defendant's Motion in Opposition to Remand ("Defendant's Opp."), P. 2).

On February 15, 2007, Ward filed a one-page Motion to Remand, asserting that the language in her Complaint, seeking damages, "in excess of $25,000.00, but less than $75,000.00," demonstrates the amount in controversy is less than $75,000.00. (Doc. No. 9). Ward further attaches to her motion a January 5, 2007, letter from Ward's attorney to Popeye's attorney, stating in relevant part as follows:

> I see that you yet again removed this case to Federal Court[1], despite the fact that my Petition indicates that the amount [in] controversy is less than $75,000.00....Please accept this letter as my assurance that we will limit our recovery to no more than $75,000.00, and are making an official demand of $74,000.00. I request that you agree to remand this case to State Court, and if you fear that we will recover more than $75,000.00, you have my permission to attach this letter to any motion to limit our recovery to $75,000.00.

(See attachment to Ward's Motion to Remand).

## **DISCUSSION**

"[T]he party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction." Halsne v. Liberty Mut. Group, 40 F.Supp.2d 1087, 1089 (N.D. Iowa 1999) (citation omitted). The amount in controversy requirement of diversity jurisdiction is strictly

---

[1] Ward previously filed suit against Popeye's in Missouri state court in October, 2006. After Popeye's removed the case to this Court, Ward voluntarily dismissed her claims without prejudice on December 13, 2006. See Cause No. 4:06CV1687 JCH.

construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citation omitted).

The Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indem. Corp. v. 1405 Associates, Inc., 340 F.3d 547, 549 (8th Cir. 2003) (internal quotations and citation omitted).

As stated above, in its response to Ward's Motion to Remand, Popeye's asserts Ward's claims meet the amount in controversy requirement, because: 1) she alleges she suffered serious and permanent injuries; 2) she alleges she has had to expend money for necessary medical care, services, and treatment in excess of $20,300.00, and will be required to do the same in the future; and 3) she has made a demand for settlement in the amount of $100,000.00. (Defendant's Opp., P. 2). Upon consideration, the Court finds Popeye's argument persuasive. Specifically, in light of the extent to which Ward's injuries are plead, this Court cannot find, as a matter of law, that Ward's damages will not exceed $75,000.00. See Quinn v. Kimble, 228 F.Supp.2d 1038, 1040-41 (E.D. Mo. 2002) (internal quotations and citations omitted) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are:....As defendant points out, a jury *could* award the requisite jurisdictional amount, given that

plaintiff[] suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses;...."). Ward's Motion to Remand will therefore be denied.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court (Doc. No. 9) is **DENIED**.

Dated this 3rd day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that in cases in which state law prevents the plaintiff from demanding a specific amount of damages in her Petition, some Judges have permitted post-removal affidavits to be considered, "to the extent that they *clarify*, rather than amend, the original pleading." See, e.g., Neighbors v. Muha, 2005 WL 2346968 at *3 (W.D. Mo. Sep. 26, 2005) (citation omitted); Slavin v. State Farm Mut. Auto. Ins. Co., 2005 WL 3274337 at *2-3 (E.D. Mo. Dec. 2, 2005). Those rulings do not help Ward here, however, as the January 5, 2007, letter from her attorney is neither signed by Ward, nor notarized, and thus cannot constitute a, "binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs...." Slavin, 2005 WL 3274337 at *3.