UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANNIE WARD, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV1814 JCH |
| ) | |
| SAILORMEN, INC., d/b/a POPEYE'S, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Supplemental Motion to Remand Case to State Court, filed May 7, 2007. (Doc. No. 15) The matter is fully briefed and ready for disposition.

## BACKGROUND

On December 5, 2006, Plaintiff Jannie Ward ("Ward") filed her Petition against Defendant Sailormen, Inc. ("Popeye's") in the Circuit Court of St. Louis City, Missouri, seeking damages for her fall on Popeye's property. (Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In her Complaint, Ward alleges that Popeye's negligence caused her to slip, fall, and sustain serious and permanent injuries to her head, neck, back, arms, legs, and buttocks. (Compl., ¶¶ 5-10). In her prayer for relief, Ward requests damages, "in a reasonable and fair amount, so as to compensate plaintiff for her injuries, losses and suffering, in excess of $25,000.00, **but less than $75,000.00**, and for her costs herein expended, and for such other relief as the court may deem just and proper." (Compl., P. 3 (emphasis in original)).

On December 22, 2006, Popeye's removed this action to the United States District Court for the Eastern District of Missouri, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Defendant's Notice of Removal, Doc. No. 1). On February 15, 2007, Ward filed a one-page Motion

to Remand, asserting that the language in her Complaint, seeking damages, "in excess of $25,000.00, but less than $75,000.00," demonstrated the amount in controversy was less than $75,000.00. (Doc. No. 9). Ward further attached to her motion a January 5, 2007, letter from Ward's attorney to Popeye's attorney, stating in relevant part as follows:

> I see that you yet again removed this case to Federal Court[1], despite the fact that my Petition indicates that the amount [in] controversy is less than $75,000.00....Please accept this letter as my assurance that we will limit our recovery to no more than $75,000.00, and are making an official demand of $74,000.00. I request that you agree to remand this case to State Court, and if you fear that we will recover more than $75,000.00, you have my permission to attach this letter to any motion to limit our recovery to $75,000.00.

(See Doc. No. 9, P. 2).

In an Order entered April 3, 2007, this Court held that in light of the extent to which Ward's injuries were plead, the Court could not find, as a matter of law, that Ward's damages would not exceed $75,000.00. (Doc. No. 14, P. 3). The Court therefore denied Ward's Motion to Remand. (Id., P. 4). In a footnote, however, the Court stated as follows:

> The Court recognizes that in cases in which state law prevents the plaintiff from demanding a specific amount of damages in her Petition, some Judges have permitted post-removal affidavits to be considered, "to the extent that they *clarify*, rather than amend, the original pleading." See, e.g., Neighbors v. Muha, 2005 WL 2346968 at *3 (W.D. Mo. Sep. 26, 2005) (citation omitted); Slavin v. State Farm Mut. Auto. Ins. Co., 2005 WL 3274337 at *2-3 (E.D. Mo. Dec. 2, 2005). Those rulings do not help Ward here, however, as the January 5, 2007, letter from her attorney is neither signed by Ward, nor notarized, and thus cannot constitute a, "binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs...." Slavin, 2005 WL 3274337 at *3.

(Id., P. 4 n. 2).

---

[1] Ward previously filed suit against Popeye's in Missouri state court in October, 2006. After Popeye's removed the case to this Court, Ward voluntarily dismissed her claims without prejudice on December 13, 2006. See Cause No. 4:06CV1687 JCH.

As stated above, Ward filed the instant Supplemental Motion to Remand on May 7, 2007. (Doc. No. 15). Ward attaches to her motion an affidavit, in which she states as follows: "I agree to limit my recovery to $75,000.00 and stipulate that I will not ask for or accept an amount of damages in excess of $75,000.00." (Id., P. 2).

## DISCUSSION

"[T]he party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction." Halsne v. Liberty Mut. Group, 40 F.Supp.2d 1087, 1089 (N.D. Iowa 1999) (citation omitted). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citation omitted).

"Where state law prohibits a plaintiff from specifying in the complaint the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000." Neighbors v. Muha, 2005 WL 2346968 at *2 (W.D. Mo. Sep. 26, 2005) (citation omitted). "If the Defendants satisfy their burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the Plaintiff can defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount." Id. (citation omitted).

"Although the amount-in-controversy is determined at the time the action is commenced in federal court and *subsequent* stipulations cannot deprive the court of jurisdiction, where, as here, the original state court petition is unclear as to the actual amount, the Western District of Missouri has determined that a stipulation as to the amount sought by plaintiff *at the time of removal* does not violate the principle and strikes a balance between the right of plaintiff to choose a forum and the right of a defendant to remove." Slavin v. State Farm Mut. Auto. Ins. Co., 2005 WL 3274337 at *2

(E.D. Mo. Dec. 2, 2005) (emphasis in original), citing <u>Workman v. Kawasaki Motors Corp., USA</u>, 749 F.Supp. 1010 (W.D. Mo. 1990); <u>see also</u> <u>Neighbors</u>, 2005 WL 2346968 at *3 (emphasis in original) (citation omitted) ("[P]ost-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading."). Several courts in this district have adopted the <u>Workman</u> approach, and permitted remand when plaintiffs stipulate they are seeking less than the jurisdictional amount. <u>See, e.g.</u>, <u>Yarovinski v. Heartland Exp. Inc. of Iowa</u>, 2006 WL 146222 at *2 (E.D. Mo. Jan. 19, 2006); <u>Slavin</u>, 2005 WL 3274337 at *3.

Upon consideration, this Court finds the above approach to be the correct one. "A binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs protects both plaintiff and defendant and allows the court to find with legal certainty that the amount in controversy *at the time of removal* did not and does not exceed $75,000 exclusive of interest and costs." <u>Slavin</u>, 2005 WL 3274337 at *3 (emphasis in original).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Supplemental Motion to Remand Case to State Court (Doc. No. 15) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file in state court the Affidavit (Doc. No. 15, P. 2) filed in this Court.

Dated this <u>1st</u> day of June, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE